FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 FEB 26 PM 3:43
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TRACY COMMINGS** | * | **CIVIL ACTION NO.:** 07-1099 |
| **VERSUS** | * | **SECTION:** |
| **MIKE HOOKS, INC.** | * | SECT. A MAG. 1 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# COMPLAINT

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

The Complaint of Plaintiff, Tracy Commings, respectfully represents:

1.

Plaintiff, Tracy Commings, is of the full age of majority and is a citizen of the State of Alabama.

2.

Made Defendant in this case is **MIKE HOOKS, INC.** (hereinafter sometimes referred to as "MHI"), a Louisiana corporation with its principal place of business located in Louisiana and which is authorized to do and is doing business in this judicial district.



Fee 350.
✓ Process
X Dktd
CtRmDep
Doc. No.

3.

This Honorable Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. 1333, admiralty and maritime jurisdiction and 28 U.S.C. 1331, based on the applicability of the Jones Act, 46 U.S.C. 688.

4.

Venue is proper in this judicial district pursuant to 28 U.S.C. 1391, as Defendant does and is doing business in this judicial district.

5.

On November 5, 2006, Plaintiff, Tracy Commings was employed by Defendant, MHI, as a deckhand and was permanently assigned to work aboard the Dredge E. Stroud, a vessel owned and operated by MHI.

6.

On November 5, 2006, the Dredge E. Stroud was operating in navigable waters in the Gulf of Mexico off the coast of Ocean Springs, Mississippi.

7.

Plaintiff, Tracy Commings, was instructed by his supervisor, the first mate on the E. Stroud, that a line had to be placed around a pontoon so the pontoon could be moved. In order to complete the job Plaintiff would have to get in the water and swim to the pontoon.

8.

Plaintiff, his supervisor and another employee of MHI then boarded a smaller vessel, also owned and operated by MHI, from the dredge and rode in the smaller vessel to get as close as possible to the pontoon.

9.

Plaintiff was informed by his MHI co-employee that the water was approximately five feet deep where the small vessel stopped. Plaintiff was then instructed to swim to the pontoon with a line to attach to it.

10.

There was no ladder or other equipment on the small vessel that Plaintiff could use as a means of egress from the vessel to the water.

11.

Plaintiff dove in the water head first and either hit an object floating underneath the water's surface or the sea bed and immediately felt severe pain in his head and neck.

12.

Plaintiff was then taken back to the dredge in the small vessel. There was no medic on board the dredge to provide any medical attention, no cervical collar or spine board. Instead of calling an ambulance, defendant assigned an MHI employee to drive plaintiff in a pick up truck to the nearest hospital, Singing River Hospital in Ocean Springs, Mississippi.

13.

Plaintiff was subsequently diagnosed as having a fractured cervical vertebra and underwent surgery, including an instrumented fusion of the C5-6 level. Plaintiff has also suffered with severe headaches and residual pain and numbness in his left leg as a result of the accident.

14.

Plaintiff avers that Defendant, through its employees, agents or other persons for whom it is responsible, was negligent in the following non-exclusive particulars:

(1) Assigning the plaintiff a task of requiring him to get out of a vessel into the gulf water, when the small vessel should have been used to access the pontoon;

(2) Failing to conduct a safety meeting or job safety analysis to review the job of retrieving the pontoon before leaving the dredge to perform the job;

(3) Providing a vessel without a safe means of egress, including but not limited to a ladder, when it was known that plaintiff would have to leave the vessel to enter the water;

(4) Informing plaintiff that the water was five feet deep, when it was not that deep;

(5) Failing to provide the necessary equipment to perform the task of retrieving the pontoon without requiring an employee to get in the water;

(6) Failing to have in place safety procedures addressing the task of retrieving a pontoon;

(7) Failing to have proper medical equipment aboard the dredge to safely transport an employee with a severe neck injury;

(8) Failing to call an ambulance to transport plaintiff to the hospital;

(9) Failing to provide adequate medical treatment following the accident; and

(10) Other acts of negligence to be shown through the course of discovery.

15.

To the extent that any of the above items of negligence constitute violations of applicable safety statutes or regulations, no fault can legally be attributed to plaintiff, pursuant to 45 U.S.C. 53, as incorporated into the Jones Act.

16.

The small vessel to which plaintiff was assigned to perform the task of retrieving the pontoon was unseaworthy for failing to have a safe means of ingress/egress, including but not limited to a ladder.

17.

The dredge E. Stroud was unseaworthy for failing to have proper medical equipment to safely transport an employee with a severe neck injury and failing to have a medic or other adequately trained medical personnel to provide necessary treatment or first aid to injured employees.

18.

As a result of the aforementioned negligence of Defendant, MHI, through its employees, agents and representatives for whom it is legally responsible and the unseaworthiness of MHI's vessels, Plaintiff, Tracy Commings, has suffered severe physical injuries to his head, neck and spine, including fractures to his fifth cervical vertebrae, necessitating an instrumented fusion. Plaintiff Tracy Commings has suffered and will suffer damages in the form of lost wages and earning capacity, disability, disfigurement, medical expenses, physical pain and suffering, and mental anguish - all past, present, and future. Defendant is liable to Plaintiff for these damages.

19.

Plaintiff had brought his personal property aboard the dredge E. Stroud since he was assigned to work aboard the vessel for long periods of time. His personal property aboard the vessel consisted of clothing, jewelry, DVDs, boots, bedding, and a power cord to his laptop, cumulatively valued at approximately $1549.00. Plaintiff's property has not been returned to him by defendant and plaintiff is entitled to be compensated for the value of this lost property by defendant.

20.

Plaintiff's treating physicians have prescribed physical therapy, a hospital bed and a wheelchair. These prescriptions have been provided to defendant, through its representatives and despite this, defendant has failed to provide these necessary items of medical treatment and defendant is in violation of its duty to provide cure. In addition, the medical bill of the University of South Alabama Hospital, where plaintiff received treatment for his injuries, including surgery, has been presented to defendant for payment and has not been paid by defendant. Plaintiff is entitled to recover these items of cure and given the time since demand was made for these items, defendant has been arbitrary and capricious in its failure to provide cure, and plaintiff is entitled to damages for the compensatory damages, including the inability of plaintiff to achieve a better recovery from his injury, caused by defendant's failure and/or delay to provide these elements of cure and for the recovery of attorney's fees incurred in pursuing payment of cure.

WHEREFORE, after all due proceedings are had, Plaintiff, Tracy Commings, prays that judgment be rendered in his favor and against Defendant, Mike Hooks, Inc., in an

amount sufficient to compensate Plaintiff for his damages, and for all costs incurred in bringing this action, attorney's fees and for legal interest allowed by law.

Plaintiff further prays for all general and equitable relief to which he may be entitled.

New Orleans, Louisiana, this 26th day of February, 2007.

**Respectfully Submitted,**

**The Cochran Firm - New Orleans**

RICHARD J. GUIDRY (LA. BAR #18927)
DARRYL M. PHILLIPS (LA. BAR #19736)
1580 LL&E Tower
909 Poydras Street
New Orleans, LA 70112
Telephone (504) 588-1580
Facsimile (504) 588-1589
**Attorneys for Plaintiffs**